UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NVN MANAGEMENT LLC,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-3031** |
| **EXPRESS HOSPITALITY, LLC,**<br>    Defendant | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff NVN Management, LLC ("NVN").[1] Defendant, Express Hospitality, LLC ("Express Hospitality") opposes NVN's motion.[2] NVN filed a reply memorandum in support of its motion.[3]

### BACKGROUND

On June 15, 2011, NVN and Express Hospitality entered into a contract (the "Management Agreement")[4] whereby NVN agreed to provide management services for Express Hospitality at a hotel in Gretna, Louisiana.[5] The Management Agreement had a one year term, expiring on June 15, 2012, but had a provision automatically renewing the

---

[1] R. Doc. 37.

[2] R. Doc. 40. Express Hospitality failed to properly support the assertions of fact contained in its original opposition as required by Federal Rule of Civil Procedure 56(c). The Court, pursuant to Rule 56(e), gave Express Hospitality an opportunity to file a supplemental opposition with attachments to properly support its assertions of fact in compliance with Rule 56(c). *See* R. Doc. 45. Express Hospitality thereafter filed a supplemental opposition complying with Rule 56(c). *See* R. Doc. 47.

[3] R. Doc. 43. The Court also granted NVN an opportunity to file an additional supplemental reply addressing whether the attachments offered by Express Hospitality came into compliance with Rule 56(c) as a result of Express Hospitality's supplemental opposition. *See* R. Doc. 45. NVN did not file a supplemental reply memorandum.

[4] R. Doc. 37-5.

[5] R. Doc. 1, p. 3.

contract for an additional year unless either NVN or Express Hospitality provided a notice of termination to the other party 60 days prior to June 15, 2012.[6] Thus, the term would be renewed automatically for an additional year unless notice of termination was given by April 16, 2012 (the "April 16 deadline"). The Management Agreement also required any notice given under the contract would have to be made in writing and sent by certified or registered mail to the address of the other party as reflected in the Management Agreement.[7]

The Management Agreement also allowed either party to terminate the contract for cause under three enumerated grounds: (1) failure to make a required payment, subject to a ten-day cure period; (2) failure to satisfy any other material obligation of the Management Agreement, subject to a thirty-day cure period; and (3) bankruptcy of either party.[8] In the event Express Hospitality terminated the Management Agreement without cause, NVN would be entitled receive stipulated damages.[9]

NVN filed suit claiming neither party terminated the contract prior to the April 16 deadline and thus the Management Agreement was renewed for an additional year.[10] Express Hospitality sent NVN a letter on June 11, 2012 (the "June 11 letter") stating its intent to terminate the Management Agreement. NVN asserts that the June 11 letter terminated the Management Agreement but without allowing the required notice and cure period and without cause, thus requiring Express Hospitality to pay stipulated damages to

---

[6]R. Doc. 37-5, p. 13.

[7]*Id.* at p. 16.

[8]*Id.*

[9]*Id.* at p. 14.

[10]R. Doc. 1, p. 6.

NVN.[11]

NVN now moves for summary judgment (1) that the Management Agreement was renewed for an additional one year term because the April 16 deadline to terminate the contract lapsed and (2) that Express Hospitality terminated the Management Agreement on June 11 without cause, entitling NVN to stipulated damages.[12]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 ; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the moving party bears the burden of proof on the dispositive issue at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Intl'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324. The non-moving party cannot simply rely on allegations or blanket denials of the moving party's

---

[11] *Id.* at p. 7.

[12] R. Doc. 37.

pleadings as a means of establishing a genuine issue of material fact, but instead must identify specific facts that establish a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). Likewise, an affidavit cannot be used to preclude summary judgment unless its contains competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").

When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

NVN argues the Management Agreement was renewed for an additional year because it never received a proper notice of termination prior to the April 16 deadline.[13] NVN asserts that a letter written by Express Hospitality purporting to terminate the Management Agreement, dated April 9, 2012 (the "April 9 letter"), was not effective because it was not

---

[13] R. Doc. 37-4. Affidavit of Vamsi Bonthala.

sent by certified mail to NVN's offices as required by the Management Agreement. NVN attached the declaration of Vamsikrishna Bonthala, who attests that the June 11 letter was the only notice of termination from Express Hospitality that was ever delivered to NVN's office or otherwise brought to his attention, and the April 9 letter was not found in NVN's files.[14] In response, Express Hospitality attached the declaration of Latonya Noble, in which she attests that she hand delivered the April 9 letter to Kenneth Stovall, a vice president of NVN.[15] Ms. Noble's declaration also states she mailed the April 9 letter to NVN's proper address but admits she did not send the letter via certified mail.[16]

The evidence submitted by NVN and Express Hospitality has created a genuine issue of material fact regarding whether an employee or representative of NVN received the April 9 letter terminating the Management Agreement prior to the April 16 deadline. Under Louisiana law, notice may be effective despite a party's failure to send notice via certified mail in accordance with a contract:

> The purpose of the requirement that notice be given by certified mail is to ensure receipt. Where the party to be notified does not contest receipt, the failure to use certified mail does not invalidate the notice. Where adequate notice is in fact given and its receipt is not contested, technicalities of form may be overlooked.

*Board of Comm'rs of Port of New Orleans v. Turner Marine Bulk, Inc.*, 629 So.2d 1278, 1283 (La. App. 4th Cir. 1993)(internal citations omitted); *see also River Parish Port Comm'n v. Headwaters Res.*, 698 F. Supp. 2d 684, 699 (W.D. La. March 2010). Because a factual dispute exists as to NVN's receipt of the April 9 letter, NVN is not entitled to summary judgment that the Management Agreement was automatically renewed for an additional

---

[14] R. Doc. 37-4. Declaration of Vamsikrishna Bonthala.

[15] R. Doc. 47-2. Declaration of Latonya Noble.

[16] *Id.*

year.

Summary judgment also is denied with respect to NVN's claim that the June 11 letter constituted a termination without cause. Factual disputes exist regarding whether there was cause for termination. Furthermore, because factual disputes exist concerning whether the April 9 letter had already terminated the Management Agreement, the Court declines to reach the decision regarding the efficacy of the June 11 letter.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that NVN's Motion for Partial Summary Judgment be and hereby is **DENIED**.

**New Orleans, Louisiana, this 24th day of June, 2014.**

*(signature)*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**